IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE A. HERNANDEZ, | : | |
|     Plaintiff | : | |
| | : | Civil Action No. 1:10-cv-1350 |
| v. | : | (Chief Judge Kane) |
| | : | |
| UNITED STEEL WORKERS | : | |
| ASSOCIATION | : | |
|     Defendant | : | |

## MEMORANDUM

Before the Court is Defendant's motion to dismiss Plaintiff's complaint. (Doc. No. 4.) Defendant alleges that Plaintiff's claims, though articulated as state law claims, are preempted by Section 301 of the Labor Management Relations Act ("LMRA") and the National Labor Relations Act ("NLRA"). Defendant further contends that the claims as alleged are insufficient to meet the standard of a hybrid Section 301 claim and must be dismissed. Plaintiff's brief in opposition disputes both propositions. Because the complaint is not sufficiently clear and in the interest of properly exercising the Court's role as the primary guardian of the duty of fair representation, the Court will deny the motion to dismiss without prejudice and order Plaintiff to file an amended complaint.

I.   BACKGROUND

On January 11, 2007, Plaintiff Jose Hernandez obtained a position as a "back line grinder" at Dura-Bond Pipe, LLC ("Dura-Bond"). (Doc. No. 1 ¶ 3.) Upon the commencement of his employment with Dura-Bond, Plaintiff also became a member of the United Steelworkers

1

of America.[1]  (Id. ¶ 4.)  On or about February 5, 2009, Plaintiff was terminated for failing to appear during his scheduled work hours.  (Id. ¶ 11.)  Plaintiff alleges that the termination was wrongful, however, because he actually was at work when his schedule so required.  (Id.)

The terms of Plaintiff's employment are set out in a collective bargaining agreement, which provides a three-step grievance procedure to resolve disputes that arise between Dura-Bond and Defendant's members.  (Id. ¶ 6.)  The collective bargaining agreement provides that the first step of the grievance procedure is for a grievance to be filed with the foreman within three working days of the occurrence of the dispute.  (Id. ¶ 7.)  If the foreman's response does not adequately resolve the dispute, a grievance is then filed with the "unit griever" and "presented to the plant superintendent" for an answer to the grievance.  (Id. ¶ 8.)  In the event that no settlement is made upon conclusion of the second step, "representatives of the International Union and an Unit Griever and the proper executive of the company" shall consider the grievance.  (Id. ¶ 9.)  If a resolution is not reached by these parties, the collective bargaining agreement provides that the Union shall, at its discretion, submit the employee's grievance to an impartial arbitrator.  (Id. ¶ 10.)

While Defendant did assist Plaintiff in the first three steps of the grievance procedure, it failed to advise him of the disposition of his grievance upon step three of the grievance procedure and failed to assist him in taking step four.  (Id. ¶ 13.)  As a result, Plaintiff alleges his grievance was not timely submitted to arbitration, his termination was finalized, and he has been unable to obtain new employment.  (Id. ¶¶ 13, 21.)  Plaintiff argues that Defendant's failure to

---

[1] Defendant points out in its motion that the caption incorrectly identifies it as "United Steel Workers Association" rather than "United Steelworkers of America."  (Doc. No. 4 at 4.)

aid him in the pursuit of his claims through arbitration amounts to breach of contract and a breach of fiduciary duty.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). Indeed, the Supreme Court has recently held that while the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips v. County of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).

## III. DISCUSSION

Defendant argues that Plaintiff's claims, which Defendant characterizes as state law

claims for breach of contract and breach of fiduciary duty, must be deemed insufficiently pleaded LMRA Section 301 claims by virtue of complete preemption. Defendant first asserted its position that Plaintiff's claims are completely preempted by Section 301 in its notice of removal. (Doc. No. 1 at 1-2.) Plaintiff did not contest Defendant's removal by moving to remand the case, but now seems to argue, in his brief in opposition to the motion to dismiss, that his claims do not fall within Section 301. Because a Court has an obligation to assure itself that it has subject matter jurisdiction prior to ruling on the merits of a case, the Court will first consider whether there is a federal question present in this case. If there is a federal question, and thus a basis for subject matter jurisdiction, the Court will then turn to Defendant's argument that Plaintiff's complaint should be dismissed for failure to state a claim.

### A. Subject Matter Jurisdiction

A court has an obligation to ensure that it has subject matter jurisdiction over a pending action prior to ruling on the action, regardless of whether the issue has been adequately raised by the parties. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (raising the subject matter jurisdiction issue sua sponte). Normally, a complaint must raise a federal question to establish federal question jurisdiction. Gully v. First Nat'l Bank, 229 U.S. 109, 115-18 (1936); see also Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004). An exception to this "well-pleaded complaint" rule, however, exists in cases where Congress "so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). Section 301 of the LMRA has been held to completely preempt the field of labor contracts such that any claim that requires interpretation of the terms of a CBA is deemed to be

4

preempted by Section 301.  <u>Avco Corp v. Aero Lodge, I.A.M. & A.W.</u>, 390 U.S. 557, 560 (1968) (finding that LMRA Section 301 completely preempts the field of labor contracts).

It is clear that, to the extent that Counts I and II of Plaintiff's complaint are an attempt to enforce the terms of the collective bargaining agreement, and Defendant's duties arising therefrom, the claim is completely preempted by Section 301 of the LMRA.  <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 208 (1985) ("questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort").  Indeed, even if Plaintiff alleged the claims were brought pursuant to the Pennsylvania law of contracts, the complete preemption doctrine requires that it be deemed a federal Section 301 claim.  <u>Id.</u>, at 210-11.  Therefore, in light of the long-standing policy of complete preemption in the interpretation of labor contracts, Counts I and II of Plaintiff's complaint will suffice to give this Court federal question jurisdiction.

  **B.** **Failure to State a Claim**

The Court's conclusion that it has subject matter jurisdiction does not end the matter, however, because there remains Defendant's motion to dismiss the complaint for failure to state a claim.  The complaint itself raises two state law claims arising from Plaintiff's termination by his employer in violation of a collective bargaining agreement and Defendant's alleged subsequent violation of its duty of fair representation in the grievance process. (Doc. No.1, Ex. A ¶¶ 3-27.)  As explained in the preceding section, state law claims requiring the enforcement and interpretation of collective bargaining agreements must be "brought under [Section] 301 and

be resolved by reference to federal law." Allis-Chalmers Corp. v. Lueck, 471 U.S. at 210-11.

A union's duty of fair representation to its members was first established in the seminal case of Steele v. Louisville & Nashville Railroad Co., 323 U.S. 192 (1944). There, the Supreme Court of the United States held that because the Railway Labor Act conferred exclusive bargaining authority on a union, the union must "exercise fairly the power conferred on it in behalf of all those for whom it acts without hostile discrimination against them." Id. at 202 (holding the union could not discriminate based on race). The Court subsequently applied this reasoning beyond the limited facts of Steele to find that under the National Labor Relations Act, a union breaches a duty of fair representation "when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967); see also Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 563 (1990) (noting the duty of fair representation "is inferred from unions' exclusive authority under the National Labor Relations Act (NLRA), 49 Stat. 449, 29 U. S. C. § 159). The Court reasoned that because individual employees must generally exhaust any grievance procedures in the collective bargaining agreement, that it would work an unacceptable injustice if a union did not fairly represent its members in this process. Vaca, 386 U.S. at 185-86.

In these cases, the discharged employee pursues what is commonly referred to as a "hybrid" suit. See, e.g., Labor Union Law and Regulation, ch. 4 § IV.B.1.a (2003). In a hybrid action, the discharged employee is permitted to bring suit against both the employer and the union, regardless of the outcome or finality of the grievance process. Del Costello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164 (1983). The suit formally comprises two causes of action. Id. The suit against the employer rests on Section 301, because the employee is alleging a breach of

the collective bargaining agreement, and the suit against the union is one for breach of the union's duty of fair representation implied under the NLRA. Id. Whether the employee chooses to sue the union, the employer, or both, to succeed the employee must prove both a violation of the collective bargaining agreement and the breach of the duty of fair representation. Terry, 494 U.S. at 564.

In the case at bar, Defendant contends that Plaintiff is unable to prove either prong of the hybrid Section 301/fair representation claim, and therefore asserts that the complaint must be dismissed in its entirety. Plaintiff's complaint is indeed ambiguous on the issues of fair representation and wrongful termination. In support of the wrongful termination prong, Plaintiff is able to offer only a single paragraph in his complaint, wherein Plaintiff alleges that he was "notified of his termination of employment under date of February 5, 2009, alleging he was not at work, when in fact he was, and provided a wrongful termination." (Doc. No. 1, Ex. A ¶ 11.)

Similarly, there are few facts alleged in the complaint to support a claim of fair representation beyond "bald assertions" or "legal conclusions." See Morse, 132 F.3d at 906, 908. Plaintiff alleges that Defendant's failure to pursue Plaintiff's grievance in arbitration constitutes a breach of the duty of fair representation. (Doc. No. 1, Ex. A ¶ 19.) However, "the mere refusal of a union to take a complaint to arbitration does not establish a breach of duty, even if the member's claim was meritorious." Findley v. Jones Motor Freight, Div. Allegheny Corp., 639 F.2d 953, 958 (3d Cir. 1981); see also Seborowski v. Pittsburgh Press Co., 188 F.3d 163, 169 (3d Cir. 1999). Nor is proof that a union acted negligently sufficient to support Plaintiff's claim. Findley, 639 F.2d at 959. Plaintiff must plead that the union's actions were arbitrary, discriminatory, or undertaken in bad faith. Vaca, 386 U.S. at 190. Conclusory

7

allegations in Plaintiff's complaint that there has been disparate treatment because "it is reasonably believed" Defendant assisted two other employees with the grievance process is unavailing. (Doc. No. 1, Ex. A ¶ 20.) There is no indication in that these employees were similarly situated to Plaintiff, nor is there even a definitive statement regarding whether Defendant did in fact assist them.

However, in spite of Plaintiff's deeply flawed complaint, this Court is mindful of the Supreme Court's mandate that "where the courts are called upon to fulfill their role as the primary guardians of the duty of fair representation, complaints should be construed to avoid dismissals and the plaintiff at the very least should be given the opportunity to file supplemental pleadings unless it appears beyond doubt that he cannot state a good cause of action." Czosek v. O'Mara, 397 U.S. 25, 27 (1970) (citations and internal quotations omitted). Therefore, because Plaintiff has made some statements suggesting Defendant may have breached the duty of fair representation, this Court will grant Plaintiff leave to file an amended complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE A. HERNANDEZ, | : | |
| Plaintiff | : | |
| | : | Civil Action No. 1:10-cv-1350 |
| v. | : | (Chief Judge Kane) |
| | : | |
| UNITED STEEL WORKERS ASSOCIATION | : | |
| | : | |
| Defendant | : | |

## ORDER

**AND NOW**, this 8th day of December 2010, for the reasons set forth in the memorandum accompanying this order, **IT IS HEREBY ORDERED** that Plaintiff is granted leave to amend his complaint. The amended complaint shall be filed within ten (10) days of the date of this order. Pending Plaintiff's submission of an amended complaint Defendant's motion for dismissal of Plaintiff's complaint is **DENIED.**

    S/ Yvette Kane
    Yvette Kane, Chief Judge
    United States District Court
    Middle District of Pennsylvania